In the Matter of Ronnie E. SHAW, Linda W. Shaw, Debtors.

**HARTFORD MUNICIPAL EMPLOYEES FEDERAL CREDIT UNION, Plaintiff,**

v.

**Ronnie E. SHAW, Linda W. Shaw, Defendants.**

**Bankruptcy No. 2–88–00486.
Adv. No. 2–88–0085.**

United States Bankruptcy Court, D. Connecticut.

Dec. 20, 1988.

*Apparel, Inc.)*, 92 B.R. 565 (Bankr.D.Conn.1988).

Maureen S. Caine, Mary Ann Rush, and Francis J. Grady, Grady & Riley, Waterbury, Conn., for plaintiff.

Richard M. Leibert, and Keith S. Shaw, Hunt & Leibert, Hartford, Conn., for debtor-defendants.

Ruling on Request for Award of Expenses of Motion Pursuant to Fed.R.Civ.P. 37(a)(4)

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

This ruling concerns the appropriateness of awarding to the defendant-movants, Ronnie E. Shaw and Linda W. Shaw, reasonable expenses for attorney's fees which they incurred in seeking a court order to compel the plaintiff, Hartford Municipal Employees Federal Credit Union, to file answers to interrogatories submitted by the movants under Rule 33 and to produce documents requested under Rule 34 of the Federal Rules of Civil Procedure. The parties have presented the issue to the court by way of submission of affidavits.

## II.

The plaintiff, on August 9, 1988, commenced an adversary proceeding pursuant to Bankruptcy Code § 523(a)(2)(B) to except from the defendants' discharges a debt for money allegedly obtained by the defendants through the issuance of a false finan-cial statement in writing to the plaintiff. On September 9, 1988, the defendants served upon the plaintiff numerous interrogatories and requests for the production of documents. Maureen S. Caine, Esq., the attorney for the plaintiff, served the plaintiff's responses to the defendants' requests on October 19, 1988. By letter dated October 24, 1988, Richard M. Leibert, Esq., attorney for the defendants, wrote to Caine claiming that four of the responses were incomplete and requesting the plaintiff "to respond in a more direct manner." He further stated in the letter that his request was "being made pursuant to Local Rule 9 before preparing and filing a Motion for Order Compelling Discovery, pursuant to Rule 37 of the Federal Rules of Civil Procedure."

Caine wrote to Leibert on November 9, 1988 "that we are doing everything that we can to complete the discoveries pursuant to your request" and that she was "awaiting further reply from the credit union." Leibert's affidavit avers that he determined that this response, received on November 14, 1988, "was unacceptable as it did not contain any date by which Defendants' [sic] could reasonably rely on for the responses." On November 14, 1988, he drafted a "Motion For Order Compelling Discovery". The motion was filed on November 15, 1988 and scheduled by the clerk's office for hearing on December 6, 1988. Leibert made no effort to contact Caine or anyone at her office to discuss his dissatisfaction with the November 9, 1988 letter.

Due to conditions relating to her pregnancy, Caine stopped working at her law firm on November 10, 1988, approximately one month earlier than she had anticipated. The Shaw litigation file was turned over to an associate, Mary Ann Rush, Esq. Rush, on November 30, 1988, wrote to Leibert stating she would be meeting with the members of the plaintiff's credit committee on December 5, 1988 to review the discovery requests. On December 6, 1988, prior to the scheduled hearing, Rush delivered to Leibert a document entitled, "Plaintiff's Supplemental Answers To Defendants' Request For Discovery." At the

hearing Leibert sought no order on the defendants' motion but requested an award of attorney fees.

### III.

Fed.R.Civ.P. 37(a)(4), made applicable to the bankruptcy court by Bankruptcy Rule 7037, authorizes the court to award to the party moving for an order compelling discovery "the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4). Leibert contends that he devoted 4.6 hours at $125.00 per hour in pursuing the defendants' motion and seeks an award of $575.00.

Local R.Civ.P. 9(d)(4), made applicable to the bankruptcy court by Local R.Bankr.P. 1, provides:

4. No motion pursuant to Rules 26 through 37, Fed.R.Civ.P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court as part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If part of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

### IV.

The parties' affidavits reveal that Leibert did not meaningfully comply with the obligations imposed upon him by Rule 9. The day he drafted the motion to compel, November 14, 1988, was the same day he received Caine's November 9, 1988 letter indicating reasonable efforts were being made to secure the additional responses requested by Leibert. He made no attempt to confer with her and discuss a date for receipt of the response in a good faith effort to resolve any problem caused by a delay.

The Rule 9 affidavit which Leibert filed with his motion states that his October 9, 1988 letter to Caine was his "good-faith effort to resolve the issues." The statement in this letter concerning Rule 9 can only be described as peremptory. Leibert's minimal actions were clearly at odds with Rule 9's admonition that counsel, prior to filing a discovery motion, must "confer[ ] with opposing counsel and discuss[ ] the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution." The thrust of Rule 9 that counsel seek to resolve discovery issues "without the intervention of the Court" merits more observance than is apparent on this record.

### V.

I conclude, upon the foregoing facts, that the plaintiff was proceeding reasonably to respond to the defendants' request for discovery, that any delay occasioned by the change in plaintiff's attorney due to Caine's pregnancy was not excessive, that the provisions of Local Rule 9 were bypassed by defendants' counsel, and that any award to the defendants would be unjust. Accordingly, the request of the defendants for an award of expenses is denied, and it is

SO ORDERED.